FILED
MAR 0 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARNES & NOBLE, INC.; JAMBA JUICE ) <br> COMPANY; and AEROPOSTALE, INC, ) <br> ) <br> Defendants. ) | 07CV1230 <br> JUDGE GOTTSCHALL <br> MAGISTRATE JUDGE COLE <br><br> JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

NOW COMES the Plaintiff, CARD ACTIVATION TECHNOLOGIES, INC., through its attorneys, Keith H. Orum and Mark D. Roth of ORUM & ROTH, LLC, and for its Complaint for Patent Infringement against the Defendants, BARNES & NOBLE, INC. ("Barnes & Noble"); JAMBA JUICE COMPANY ("Jamba Juice"); and AEROPOSTALE, INC. ("Aeropostale") states:

### Jurisdiction

1. This is a civil action for patent infringement, injunctive relief and damages arising under the United States Patent Act, 35 U.S.C.§1, *et. seq.* Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and 1338 (a). Defendant, Barnes & Noble, is a Delaware corporation. Barnes & Noble maintains stores selling books throughout the United States and also specifically within Chicago and the Chicago land area. Defendant, Jamba Juice is a Delaware corporation. Jamba Juice maintains stores selling blended drinks, fruit juices and snacks within Chicago and the Chicago land area. Aeropostale is a Delaware corporation. Aeropostale is a mall-based retailer of clothing and maintains retail locations in Chicago and the

Chicago land area. Defendants are subject to personal jurisdiction in this Court and are amenable to service of process pursuant to Illinois's Long-Arm Statute and Rule 4(e) of the Federal Rules of Civil Procedure. Defendants have all infringed the patent in suit in this judicial district.

2. Venue lies in this District pursuant to 28 U.S.C. §1391(b) and (c), and 1400(b).

### Parties

3. Plaintiff is a corporation incorporated under the laws of the state of Delaware, with its principal place of business in Chicago, Illinois.

4. Barnes & Noble is a corporation organized under the laws of the state of Delaware.

5. Jamba Juice is a corporation organized and existing under the laws of the state of Delaware.

6. Aeropostale is a corporation organized and existing under the laws of the State of Delaware.

### Infringement

7. Plaintiff is the owner of United States Patent No. 6,032,859 entitled "Method for Processing Debit Purchase Transactions Using a Counter-Top Terminal System", issued on March 7, 2000 ("859 Patent") and which is a valid and enforceable patent. A true and correct copy of the 859 Patent is attached hereto as Exhibit 1.

8. Defendants have directly infringed, induced infringement of, and contributorily infringed the 859 Patent and continue to do so by using, contributing to the use of and inducing others to use the methods claimed in the 859 Patent, and will further continue to do so unless enjoined by this Court.

9. Defendants' infringement is willful and deliberate, in that all Defendants have been informed of the 859 Patent but yet the Defendants continue to directly and indirectly infringe the 859 Patent.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, Barnes & Noble, Jamba Juice and Aeropostale, and requests the following relief:

a. That the Defendants, and each of them, be held to have infringed the 859 Patent;

b. That the Defendants and their subsidiaries, affiliates, franchisees, successors, assigns, officers, agents, servants, employees, customers, attorneys and all persons acting in concert and participation with them or any of them, be temporarily and preliminarily enjoined during the pendency of this action, and subsequently permanently enjoined, from directly infringing, contributing to the infringement of and inducing infringement of the 859 Patent without express written authority of the Plaintiff.

c. That the Defendants be directed to fully compensate Plaintiff for any and all damages attributable to Defendants' infringement of the 859 Patent in an amount to be proven at trial;

d. That this case be deemed exceptional;

e. That any damage award be trebled;

f. That Plaintiff be awarded its reasonable attorney's fees;

g. That Plaintiff be awarded costs of suit and an assessment of interest; and

h. That Plaintiff has such other, further and different relief as this Court deems proper under the circumstances.

Respectfully submitted,

_____
Attorney for Plaintiff

Keith H. Orum
Mark D. Roth
ORUM & ROTH, LLC
53 W. Jackson Blvd.
Suite 1616
Chicago, Illinois 60604
(312) 922-6262